## Wood & al. *versus* LITTLE & al.

It is believed that, both in England and in this country, a right to partition is incident to all real estate, held in joint tenancy or tenancy in common.

Upon a division, it is not necessary that the parts be made equal in size or value, inasmuch as the party whose share is less in value may be compensated in money, under the award of the commissioners.

It is not a valid objection to a petition for partition, that the principal part of the estate, (as for instance a cotton factory,) is not divisible into the parts prayed for, without destroying it for the purposes for which it had been erected and maintained, *provided* the division would not destroy it for other purposes.

Wood *v.* Little.

ON FACTS AGREED.

PETITION for the partition of real estate.

Upon the estate sought to be divided there is a brick factory building for the manufacture of cotton, containing about 1800 spindles, and 50 looms, with other necessary and appropriate machinery for operating the same; the whole being carried by one water wheel about six feet in diameter, with a head and fall of water of about fifteen feet. There is also connected with the factory a machine shop, being a separate building of brick, the machinery in which is carried by a wheel about ten feet in diameter, which is turned by water taken from the factory dam. There is also an upper dam with a small building standing thereon ; and a store and large dwellinghouse, called the boarding house, standing on the premises. Also a small brick building occupied as a counting room, with two other small buildings, and the residue of the land described in the petition is unoccupied.

The brick building and factory were erected for the special purpose of a cotton factory, and are fitted with a great variety of machinery suitable, and such as is exclusively used, for manufacturing cotton cloth, but which has not been used for that or any other purpose for the last two or three years. This machinery is in no way attached to or connected with said building, except that the same is set upon a common floor, and is fastened to the floor by screws and other fastenings, and all is propelled by the use of bands from the main water wheel; and the machinery may all be displaced and removed from the building, simply by casting off the bands and removing the fastenings. The factory is operated by the use of one common water wheel — which wheel is its sole motive power. The factory cannot be divided into the several parts prayed for in the petition without destroying the property for the purposes for which it was erected, and for which it has been maintained by the owners. But the factory can be divided as prayed for, without destroying the same, for purposes and uses *other* than those for which it was erected and has been maintained by the owners.

The Court is to enter such judgment as justice requires and the law permits.

*May,* for the petitioners.

1st. The property described in the petition is partible under the provisions of R. S. c. 121, § 1, 2, in the same manner it would have been at common law. We regard the case of *Hanson & al.* v. *Willard & als.,* 12 Maine, 142, as directly in point and decisive.

2d. The cotton factory, including the machinery, is a part of the realty, and would pass by a deed describing it as such, and so may be divided under our statute. *Farrar & al* v. *Stackpole,* 6 Maine, 154.

3d. If it should be found inconvenient or prejudicial to the interest of all concerned to divide the cotton factory, it may be set off to one of the tenants in common, under the provisions of R. S. c. 121, § 25. *Dyer* v. *Lowell,* 30 Maine, 217.

*Morrell,* for the respondents.

The property is not divisible. To destroy the *use* for the designed purposes, is to destroy the property. It is property which can be used only in common. Such is its essential condition. To strip that condition from it, destroys it. In *Hanson* v. *Willard,* 3 Fairf. 142, the Court says the property there in question might be divided, although at *great inconvenience.* The implication is, that property is not divisible, if a destruction of it would follow the partition. *Miller* v. *Miller,* 13 Pick. 237. The petitioners' argument, that the whole factory may be assigned to one of the co-tenants, upon his making compensation in money, does not relieve the case. For the petition asks that it be set off in parts. Division *by time* is not authorized by the statute. Neither can division be made by the profits. Where the *thing* and the *profit* is the same, a division of the profits must be regarded as a division of the thing. 3 Fairf. 146. But this estate is not of that character.

The possession of this estate, and the use of it to one party for a limited period, (a month or a year,) and so on to each of the parties, is not a *practicable* or *substantial* partition.

The processes of manufacturing are so various and complicated, involving such immense outlays and the employment of so many operatives and requiring such persistency in the undertaking, that the business cannot be begun and ended in a limited period, and again repeated at stated intervals.

RICE, J. — The only question presented for the consideration of the Court, is whether the property described in the petition is of such a character as to be susceptible of partition according to established rules of law.

The chief value of the property described in the petition consists of a cotton factory with its appropriate machinery. The case finds that "said factory cannot be divided into the several parts prayed for in said petition without destroying the property for the purposes for which said factory was erected, and for which the same has been maintained by the owners thereof. It is however agreed that said factory can be divided as prayed for aforesaid, without destroying the same, for purposes and uses other than that for which it was erected and has been maintained as aforesaid by said owners."

Such being the facts, the respondents contend that this property cannot be made the subject of partition by law. Parceners at common law were entitled to the writ of partition in all cases, except it was held that castles, necessary to the defence of the realm, from public considerations, were not subject to this process. By the provisions of c. 31 and 32 Henry VIII, the same rights to obtain partition were extended to joint tenants and tenants in common as had been enjoyed by parceners at common law.

In *Brown* v. *Turner*, 1 Atk. 350, it was held, that a saw-mill and mill-yard and materials for a saw-mill are not partible. The Court say, "such a partition would destroy the whole."

It is believed, however, that this right of partition is incident to the real estate held in joint tenancy or tenancy in common both in England and in this country.

It has been said that a decree for partition is a matter of right, and there is no instance of not succeeding in it, but

when no proof is adduced of title in the plaintiff. *Baring* v. *North,* 1 Ves. & Beu. 554.

In *Turner* v. *Morgan,* 8 Ves. 143, the Lord Chancellor said, the law says there is no inconvenience in the partition of a house, as in case of dower. The difficulty is no objection in this Court. That is laid down in *Fuller* v. *Gerard,* and appears more strongly in *Warren* v. *Raynes,* Amb. 589, where there was almost insuperable difficulty,

In *Morrill* v. *Morrill,* 5 N. H. 134, it was decided, that partition may be had of a mill privilege by assigning to each of the owners so much water as would run through a gate of certain dimensions.

The law gives tenants in common an absolute right to have their lands divided. *Leadbetter* v. *Gash,* 8 Iredell, 462.

The law has received a construction in our own State, in the case of *Hanson* v. *Willard,* 12 Maine, 142. That was a petition for partition of a mill and mill privilege, in which the same defence was made as in the case at bar. The Court, after a careful examination of the authorities, says —

" We come to the conclusion, that if the petitioner, as he alleges, is interested with other tenants in common, in the real estate described in his petition, he may claim of right to have partition made, and his share set off and divided from the rest, however inconvenient it may be to make such partition, or however much the other co-tenants or the common property may be injured thereby." This would seem to be decisive of the case. The law however does not require that the estate shall be divided into precisely equal shares either in size or value.

In England and many of the States, perhaps the most common mode of proceeding to procure partition is by bill in chancery. In these proceedings, the common practice is, where the property is of such a character as to be injured or greatly reduced in value by division, to decree a sale of the whole estate and divide the proceeds. Such was the rule of the civil law. Domat's Civil Law, § 2753.

The chancery powers of our Court does not include cases

of this character, but substantially the same equitable result may be reached, under our law, and by this process. § 25 of c. 121, R. S. provides; when any messuage, tract of land, or other real estate, shall be of greater value than either party's share of the estate to be divided, and cannot at the same time be subdivided among them without great inconvenience, the same may be assigned to one of the parties; and the party to whom the same shall be so assigned, paying such sum of money to such parties, as by means thereof shall have less than their share of the real estate, as the commissioners shall award; but in such case the partition shall not be established by the Court, until the sums so awarded, shall be paid to the parties entitled thereto, or secured to their satisfaction."

Though it was held in *Codman* v. *Pinkham*, 15 Pick. 364, under statute provisions similar to our own, that the entire estate cannot be awarded to any one of the tenants in common, but each must receive some portion thereof, yet commissioners are authorized so to divide the estate as to occasion the smallest practical amount of injury to the whole, and to equalize the parts, if necessary, by compensation in money. From the description of the estate, as given in the case, the Court are of opinion that such a division may be made without destruction to the property, or seriously impairing its value.

Judgment must therefore be entered for partition.

WELLS, and HOWARD, J. J., concurred.

SHEPLEY, C. J., and HATHAWAY, J., concurred in the result.