FRANCIS VAIL, APPELLANT, *v.* ELIZABETH A. VAIL, IN HER OWN RIGHT AND AS EXECUTRIX OF AND TRUSTEE UNDER THE LAST WILL AND TESTAMENT OF AARON F. VAIL, DECEASED, NETTIE VAIL, ROBERT VAIL AND OPHELIA VAIL, RESPONDENTS.

*Partition — power of the commissioners to direct a partial destruction of buildings.*

Commissioners, appointed in an action brought for the partition of real property, do not possess the power, with a view to effecting an equal division of the property, to direct a partial destruction of the buildings thereon.

APPEAL by the plaintiff from a final judgment in partition confirming the report of commissioners directing an actual division of the lands in suit, which judgment was entered in the office of the clerk of the county of New York on the 2d day of July, 1888.

*J. Hampden Dougherty,* for the appellant.

*Charles W. Dayton,* for the respondents.

BARTLETT, J.:

This is an action for the partition of premises situated partly on Grand street, partly on Orchard street and partly on Ludlow street, in the city of New York. It is undisputed that the rights and interests of the respective parties have been correctly ascertained; and it is also conceded that the premises are capable of being actually partitioned. This appeal is from the final judgment confirming the report of the commissioners who were appointed to make the partition, except so much of the said judgment as awards the plaintiff costs. Practically, it presents but a single question for our consideration; and that is, whether, to effect an equal division, commissioners in partition possess the power to direct the partial destruction of one of the buildings on the property which is the subject of the suit. Both parties seem to have agreed that for the purposes of partition it was proper to divide the premises into two parcels, one comprising the three dwellings fronting on Grand street, the other including all the rest of the property, that is to say, the lot on the corner of Grand street and Orchard street, the lot on Orchard street and the lot on Ludlow street. The commissioners thought, how-

ever, and say, in the memorandum accompanying their report, that justice could not be done to the party to whom the three Grand streets lots might be awarded, " unless the depth of these lots were increased by adding for light and air " a rectangle seven feet wide along the rear of those lots. A portion of this rectangle is vacant; but upon a part of it stands a tenement — which is one of two rear houses located on the Orchard street lot — and this tenement must be demolished to the extent of removing a portion thereof, seven feet wide and twenty-nine feet deep, in order to carry out the intention of the commissioners to add the seven-foot rectangle to the Grand street parcel for the purpose of affording light and air to the same. The expense of taking down seven feet of the tenement was estimated by the commissioners at $1,200, and this was imposed upon the party who should receive the Grand street lots. The Grand street lots were awarded to the plaintiff, but he is dissatisfied and appeals because the action of the commissioners has conferred no benefit upon him in giving him a strip of unoccupied land; and yet he is charged with a considerable sum of money on account of having this strip set off to him.

That the commissioners contemplated the destruction of the rear Orchard street tenement, so far as it occupies the seven feet strip, is plain. I have already quoted from their memorandum, in which they speak of the necessity of increasing the depth of the Grand street lots by adding this rectangle " for light and air." In the same memorandum they say that " the uncontroverted testimony established the fact that, for $1,200, seven feet of the building can be taken down, a new wall erected," and suitable alterations effected. In their report itself they say it will be necessary to partly take down and otherwise make alterations in the rear buildings on the Orchard street lot; and in an affidavit by two of the commissioners, relating chiefly to the question of their fees, they declare that the portion of the Orchard street building, seven feet wide, which stands upon the rectangle or slip, would not only be valueless, but would really be an incumbrance on the Grand street allotment. In view of these various statements, it is idle to urge that the commissioners contemplated nothing more than the erection of a division wall in the Orchard street rear building,

which should cut off seven feet thereof from the defendants' allotment. What they meant and intended, beyond any reasonable doubt, was that the part of this building which stands on the seven-foot strip should be wholly demolished and removed. Otherwise, what they say about the necessity of allotting this strip to the Grand street parcel "for light and air," and their estimate as to the cost of removing that portion of the building, would be meaningless. The learned judge at Special Term, however, seems to have treated the action of the commissioners simply as directing the division of one building in to two. In *Walter* v. *Walter* (3 Abb. N. C., 12, 18), DAVIS, J., intimated that it might be proper for commissioners to make such a division; but, as has been said, the plain intention here was not to divide the rear tenement, but to destroy seven feet of it.

The cases cited by the respondents and by the court below do not, any of them, sustain the proposition that commissioners in partition can prescribe the destruction of any portion of the property in order to effect an equal division thereof. Of these cases, the principal one is *Wood* v. *Little* (35 Maine, 107). In this case the property to be partitioned included a cotton factory. The agreed statement of facts declared that the factory could not be divided into the several parts prayed for in the partition without destroying the property for the pupoes for which it had been maintained by the owners. But it further declared that the factory could be divided, as prayed for, without destroying the same for purposes and uses other than those for which it was erected and had previously been maintained. A partition was ordered upon the express conclusion of the court that it was possible to make the desired division "without destruction of the property or seriously impairing its value," thus clearly implying that if an actual partition would have destroyed the factory, or even seriously impaired its value, such a division would not have been sanctioned. All that this case holds, therefore, is that the mere fact that a building cannot be employed for the same purposes to which it has heretofore been devoted is not a valid objection to a partition thereof, provided the partition will not destroy its value for other purposes. The case of *Walter* v. *Walter* (*supra*), involved a question not of destruction but of division. This case was decided at chambers by the former pre-

siding justice of this General Term, and there is language in the opinion which implies, doubtless correctly, that commissioners in partition possess the power to direct the division of one city store into two stores, and hence to order the construction of a division wall. And it has been held in England that such commissioners may direct new hedges and fences to be made. (*Lister* v. *Lister*, 3 Young & Coll., 540, 546.)

The other decisions referred to below relate to the disinclination of courts to disturb the findings of commissioners on questions of value, but no cases need be cited to show that an error of law in the procedure of commissioners in partition can be and should be reviewed, and if detrimental to a party, should cause the report to be set aside or modified so that justice may be done.

Neither the Code nor any case which I have been able to find sanctions the exercise of any such power as the commissioners have endeavored to exercise in this case. It was in excess of their authority and demands a reversal of the judgment, so far as the judgment confirms their report. (Code Civil Pro., § 1556.) No occasion appears to exist, however, for the appointment of new commissioners. The gentlemen who have already acted are familiar with the premises, and the estate will probably be saved expense by referring the matter back to them, with directions to make partition in such a way as not practically to destroy any portion of the buildings to be partitioned.

In the opinion below, as well as in the brief for respondents, the question of the commissioners' fees is discussed, but as the appellant makes no point on that subject, it has not been considered by the General Term.

VAN BRUNT, P. J., and DANIELS, J., concurred.

Judgment reversed and question of partition sent back to commissioners.